Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Nowles Heinrich
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 0 4 2024

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 2:24-CR-0001-TOR |
|---|---|
| Plaintiff, | Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement |
| v. | |
| PATRICK D. TERRIL, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Nowles Heinrich, Assistant United States Attorney for the Eastern District of Washington, and Defendant Patrick D. Terril ("Defendant"), both individually and by and through Defendant's counsel, Andrea George, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to the Indictment filed on January 17, 2024, which charges Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), a Class C Felony. Defendant understands that the following potential penalties apply:

      a.    a term of imprisonment up to 15 years;

      b.    a term of supervised release of up to 3 years;

      c.    a fine of up to $250,000; and

PLEA AGREEMENT - 1

d.     a $100 special penalty assessment.

2.     Supervised Release

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

a.     5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b.     3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c.     2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.     The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.     sentencing is a matter solely within the discretion of the Court;

b.     the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c.     the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

PLEA AGREEMENT - 2

d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f. Defendant understands that this Plea Agreement contains sentencing recommendations pursuant to Fed. R. Crim. P. 11(c)(1)(C). As a result, the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon, and Defendant may withdraw from this Plea Agreement if the Court imposes a harsher sentence than agreed upon.

4. Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

a. pleading guilty in this case may have immigration consequences;

b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

PLEA AGREEMENT - 3

5.    Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

a.    the right to a jury trial;

b.    the right to see, hear and question the witnesses;

c.    the right to remain silent at trial;

d.    the right to testify at trial; and

e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Elements of the Offense

The United States and Defendant agree that to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. § § 922(g)(1), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

a.    *First*, on or about August 18, 2023, in the Eastern District of Washington, Defendant did knowingly possess a firearm, to wit, a Beretta Model 92FS 9mm caliber pistol, bearing serial number BER343791Z;

b.    *Second,* the firearm had been shipped or transported in interstate and/or foreign commerce;

PLEA AGREEMENT - 4

   c.   *Third*, at the time Defendant possessed the firearm, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

   d.   *Fourth,* at the time Defendant possessed the firearm, Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

7.   Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing; unless otherwise prohibited in this Plea Agreement.

On August 18, 2023, at approximately 3:45 a.m., Kalispel Tribal Police (KTP) were dispatched to the B & B Theatre parking lot located at 10893 W. Northern Quest Drive and spoke with the driver and passenger of a blue sedan who indicated that they had been threatened by an unknown white male with tattoos on his face, wearing a black/grey hat, and carrying a backpack. This male, later identified as Defendant, was a passenger in a gold-colored SUV that pulled into a parking spot at somewhat of an angle. The blue sedan to the left of the SUV backed out, and then stopped behind the gold SUV yelling profanities about the bad parking job. Defendant, who was already outside the SUV, reached inside and grabbed a backpack. Defendant pulled a gun out of the backpack and held it outward. The blue car left the area quickly. Defendant agrees he intended to cause the occupants of the blue sedan reasonable fear and apprehension of bodily injury when he held the gun outward.

PLEA AGREEMENT - 5

This incident was captured by a casino security camera and a casino employee was able to track Defendant and the gold-colored SUV to a nearby parking lot. KTP officers approached the vehicle and detained Defendant, who was sitting nearby with the female driver of the gold-colored SUV. Defendant matched the appearance of the person depicted in surveillance video holding a pistol.

A KTP officer subsequently obtained consent to search the vehicle. A backpack was on the floorboard of the front passenger side of the vehicle, where Defendant had been sitting, and inside the backpack an officer located a Beretta Model 92FS 9mm caliber pistol, bearing serial number BER343791Z.

All of the above conduct occurred in parking lots near the Northern Quest Casino in Airway Heights, Washington, which is in the Eastern District of Washington.

Defendant knew that he was prohibited from possessing a firearm under federal law and knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant was convicted and sentenced to 22 months of prison for Second Degree Unlawful Possession of a Firearm by the Superior Court of Washington, Spokane County, on March 5, 2021. As part of that case, Defendant signed a plea agreement (*Statement of Defendant on Plea of Guilty*) that stated that Defendant was not allowed to possess firearms under federal law. Accordingly, Defendant acknowledges that he is a prohibited possessor of firearms, and that he was aware of that prohibited status on August 18, 2023, when he knowingly possessed the Beretta 9mm pistol described above.

The Beretta 9mm caliber pistol described above has been researched by a nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and has been determined to be manufactured outside the state of Washington, and therefore traveled in and affected interstate or foreign commerce. Defendant acknowledges and admits that he possessed this firearm.

PLEA AGREEMENT - 6

8.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.    Base Offense Level

The United States and Defendant agree that based upon his prohibited status at the time he possessed the firearm, the base offense level is 14 pursuant to USSG § 2K2.1(a)(6).

The United States and Defendant also agree that a four-level enhancement applies under USSG § 2K2.1(b)(6)(B) because Defendant possessed the charged firearm in connection with another felony offense.

b.    Acceptance of Responsibility

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a), (b), if Defendant does the following:

i.    accepts this Plea Agreement;

ii.    enters a guilty plea at the first court hearing that takes place after the United States offers this Plea Agreement;

iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

PLEA AGREEMENT - 7

iv.    provides complete and accurate information during the sentencing process; and

v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

c.    No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, pursuant to the 11(c)(1)(C) agreement as set forth below, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

d.    Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

10.    Incarceration

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a term of incarceration of 42 months and a term of Supervised Release of three years based on the totality of the circumstances, to

PLEA AGREEMENT - 8

include the 18 U.S.C. § 3553(a) factors and Defendant's mitigating information, which Defendant will present to the Court at the time of sentencing.

Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement, as well as withdraw his guilty plea, if the Court imposes a term of imprisonment of greater than 42 months or indicates its intent to do so. Defendant further understands the United States may withdraw from the Plea Agreement if the Court imposes a term of incarceration of less than 42 months or imposes a term of Supervised Release of less than three years.

The United States and Defendant acknowledge that the imposition of any fine or restitution are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or conditions of Supervised Release; and that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

11.    Supervised Release

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the term or conditions of Defendant's Supervised Release is final and non-appealable; that

PLEA AGREEMENT - 9

is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

      a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

      b.    Defendant shall participate and complete such alcohol or controlled substance testing as the probation officer directs, and participate in and complete any treatment programs as ordered by the Court.

      c.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider if ordered by the Court, excluding psychotropic medications absent further order of the Court. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

12.   <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for

PLEA AGREEMENT - 10

Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

### 13. Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

### 14. Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

### 15. Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

### 16. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant agrees to waive Defendant's right to appeal Defendant's conviction and sentence if the Court imposes a term of imprisonment consistent with the terms of this Rule 11(c)(1)(C) Plea Agreement.

If the Court indicates its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement and Defendant chooses *not* to withdraw, then Defendant: (a) may appeal only Defendant's sentence, but not Defendant's conviction; (b) may appeal Defendant's sentence only if it exceeds the

PLEA AGREEMENT - 11

high end of the Guidelines range determined by the Court; and (c) may appeal only the substantive reasonableness of Defendant's sentence.

Defendant further expressly agrees that, should the Court indicate its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant has fourteen (14) days from the sentencing hearing to file with the Court a notice of withdrawal from the Rule 11(c)(1)(C) Plea Agreement. Defendant expressly waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement or indicates its intent to do so.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Defendant acknowledges that on May 9, 2024, a panel of the Ninth Circuit issued its decision in *United States v. Duarte*, -- F.4th --, 2024 WL 2068016 (9th Cir. 2024), holding that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to some Defendants whose prior felony convictions are nonviolent under the analysis set forth by the Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). However, on July 17, 2024, the Ninth Circuit granted the government's petition for rehearing *en banc*, which vacated the *Duarte* panel decision so that it is no longer precedential.  *See Duarte*, C.A. No. 22-50048, Dkt. 81 (9th Cir. July 17, 2024). Defendant acknowledges and understands that as of the date of the entry of his guilty plea to Count One pursuant to this Plea Agreement, the Ninth Circuit has not rendered an *en banc* decision in *Duarte*. Understanding

PLEA AGREEMENT - 12

that and desiring to resolve his case now rather than delay resolution pending the outcome of *Duarte*, Defendant hereby knowingly and voluntarily waives all present and future challenges to the constitutionality of 18 U.S.C. § 922(g)(1), including under *Duarte* and/or *Bruen*, and knowingly and voluntarily waives (1) appeal of his conviction and/or sentence on Count One in this case and (2) the bringing of any motions for compassionate release, habeas corpus, or other collateral attack on his conviction and/or sentence on Count One in this case based on or arising from *Duarte*, *Bruen*, or the constitutionality of 18 U.S.C. § 922(g)(1).

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

17.    Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed assets to the United States:

- a Beretta Model 92FS 9mm caliber pistol, bearing serial number BER343791Z; and

- three rounds of Speer 9mm caliber ammunition

Defendant acknowledges that the assets listed above are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the offense Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising

PLEA AGREEMENT - 13

in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

18.    Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

PLEA AGREEMENT - 14

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19.    Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

//

//

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          12-4-24
Nowles H. Heinrich                                       Date
Assistant United States Attorney

PLEA AGREEMENT - 15

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____    12-4-2024
Patrick D. Terril                          Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____    12-4-2024
Andrea George                            Date
Attorney for Defendant

PLEA AGREEMENT - 16